IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD F. PERICAS,

                Petitioner,

     v.                              CASE NO. 04-3148-RDR

COMMANDANT, USDB,

                Respondent.

**ORDER**

This is a petition for writ of habeas corpus, 28 U.S.C. 2241, filed by a former member of the United States Air Force while he was an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Petitioner was granted leave to proceed in forma pauperis, and an order to show cause issued.

**FACTS**

On May 14, 1999, petitioner was convicted by military court-martial at Hickam Air Force Base, Hawaii, of committing indecent acts against one of his daughters and assault consummated by a battery upon another daughter. Both victims were under 16 years of age. Pericas was sentenced to a dishonorable discharge and confinement for 10 years. Pericas appealed his convictions to the U.S. Air Force Court of Criminal Appeals (AFCCA) and the U.S. Court of Appeals for the Armed Forces (CAAF), which ultimately affirmed on November 19, 2003. He alleges the issues he raised

on appeal were: the court failed to "raise or conduct a proper review," and the evidence was insufficient to sustain his convictions.

**CLAIMS**

In his Petition before this court, Pericas claims as Ground 1 that the AFCCA "failed to conduct a proper review under 10 U.S.C. 866 Article 66." As Ground 2, petitioner claims the evidence was "legally insufficient" to convict him of two specifications of indecent acts upon Melissa Pericas. As ground 3, he claims the evidence was "legally insufficient" to convict him of "the 1996 assault and battery" of Chantelle Pericas. Petitioner asserts his due process rights were violated.

**PENDING MOTION**

Petitioner has notified the court that he has served his military sentence and was released from the USDB. He moves the court to amend the Petition to name the United States of America as new respondent and to transfer his action to the U.S. District Court having jurisdiction over him and the new respondent (Doc. 10). He suggests that a federal court in Florida would be appropriate. The proper respondent in a habeas action is petitioner's custodian. He does not appear to be confined in Florida. The current respondent is appropriate since the action

2

was properly initiated in this district, and jurisdiction remains in this court rather than one in Florida. Accordingly, petitioner's motion to amend to name a new respondent and to transfer this case is denied.

**STANDARD OF REVIEW**

It is well settled that a federal court has limited authority to review court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id; Burns v. Wilson, 346 U.S. 137, 142 (1953). If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986); Lips, 997 F.2d at 821 FN2; Ingham v. Tillery, 42 F.Supp.2d 1188 (D. Kan.), aff'd, 201 F.3d 448 (10th Cir. 1999, Table). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142; Khan v. Hart, 943 F.2d 1261,

3

1263 (10th Cir. 1991).  It is also well-settled that federal civilian courts "will not entertain petitions by military prisoners unless all available military remedies have been exhausted." Schlesinger v. Councilman, 420 U.S. 738, 758 (1975); Khan v. Hart, 943 F.2d at 1261; Watson v. McCotter, 782 F.2d at 145.


**DISCUSSION - INSUFFICIENCY OF THE EVIDENCE**

Respondent asserts that grounds 2 and 3 in the Petition were fully and fairly considered by the military courts.  Petitioner does not adequately refute, while the record supports, respondent's allegations.  The written opinion of the AFCCA plainly shows that these issues were presented to that military tribunal and were fully and fairly discussed and considered by it.  Answer and Return (Doc. 5)(hereinafter A&R), Attach. 2, United States v. Pericas, ACM 33825, 2001 CCA LEXIS 277 (AFCCA, Oct. 9, 2001, unpublished).  The military appellate court specifically discussed the evidence against Pericas together with the elements of the offenses, and found the evidence was legally and factually sufficient.  The United States Court of Appeals for the Armed Forces (CAAF) set aside the decision and remanded the case to the AFCCA for a new review, holding it had "applied an incorrect standard of review in deciding the factual sufficiency of the evidence." See A&R, Attach. 3, United States v. Pericas,

4

58 M.J. 20 (2002). On remand, the AFCCA heard oral argument upon the factual sufficiency of the evidence of indecent assault and battery upon a child," found no error by the court-martial, and affirmed. Id., Attach. 4, at 2,5, United States v. Pericas, ACM 33825 (AFFCA, May 7, 2003, unpublished). Their written opinion again discussed the evidence in detail, including the credible testimony of the victims and supporting physical evidence, and concluded it was "legally and factually sufficient to support the convictions." Id. at 3. It is evident from the written opinions of the military courts that petitioner's claims were given full and fair consideration. Petitioner makes no convincing argument that the ultimate legal rulings of the military court were incorrect. It follows petitioner is not entitled to habeas corpus relief in this court on his claims that the evidence was legally insufficient to sustain his court-martial convictions.

**AFCCA FAILURE TO CONDUCT PROPER REVIEW**

As support for Ground 1, Pericas alleges in his Petition only that the AFCCA "failed to review the entire record in assessing whether the findings and sentence were correct in law and fact." Respondent argues the AFCCA conducted a proper review. The court finds petitioner presents no facts whatsoever indicating the AFCCA failed to conduct the plenary review required by 10 U.S.C. 866. He merely makes the conclusory statement that the military

appellate court did not conduct a full review. Such allegations, devoid of factual support, are insufficient to state a claim for federal habeas corpus relief.

In his traverse and supplement (Doc. 7), Pericas alleges the AFCCA's review of his claims was not proper because one of the military appellate judges on the panel which initially heard his appeal was also on the panel which heard his case upon remand. Petitioner argues this violated the "de novo review" requirement in Article 66, and that the judge could not have been impartial since he was in effect evaluating his own prior finding of guilt. This claim is not shown to have any legal merit. Petitioner cites no language[1] from 10 U.S.C. 866 or other legal authority which prohibits military judges from sitting on a panel to hear a case on remand which they heard initially. In actuality remand of a case, after the standard of review of a particular issue has been clarified, to a judge who previously decided the matter using an improper standard is normal procedure. The judge rehearing the matter is presumed to follow the rulings of the appellate court. Petitioner presents no facts whatsoever rebutting the presumption that the judge in question acted appropriately in his case.

---

[1] Petitioner does not cite subsection (h) of Section 866, which specifies times when a member of a Court of Criminal Appeals is ineligible to review a case. However, this court does not read that subsection as prohibiting appellate court members from sitting on panels in remanded cases. Subsection (h) of 10 U.S.C. 866 pertinently provides, "no member of a Court of Criminal Appeals shall be eligible to review the record of any trial if such member . . . served as military judge . . . or reviewing officer of such trial."

It also appears that Ground 1 is not the same as the improper review claim presented to the military appellate courts. Petitioner complained on direct appeal to the CAAF about the "standard of review" used by the lower appellate court in determining the "factual sufficiency" of the evidence. The CAAF found the standard applied by the AFCCA in 2001 had been incorrect in light of two cases decided in 2002. Pericas argues before this court that the military appeals court failed to impartially review the entire record and to conduct a de novo review of his claims. These are different bases for challenging the AFCCA's review than the one raised on direct appeal to the CAAF. It thus appears petitioner has not exhausted military remedies on Ground 1. In sum, this claim has no factual or legal basis, and is not shown to have been exhausted.

**OTHER CLAIMS**

In his supplement petitioner also complains about advice from his defense counsel not to testify; inadequate inquiry into his lack of mental competency at the time of the offenses; retained, civilian, appellate defense counsel's failure to brief agreed-upon issues; and the military court's failure to "conduct the proper standards of review" of issues "apparent on the fact of the record." Petitioner also alleges "vindictive prosecution;" ineffective assistance of counsel for failing to challenge court-

7

martial jurisdiction on the basis that his diagnosed mental illness rendered him incompetent to enlist; the military judge was not impartial because he had presided over petitioner's earlier special court-martial in which his veracity was questioned; and the forcible administration of anti-psychotic drugs to render him competent to stand trial. As factual support for some of these claims, petitioner alleges he was hospitalized for mental illness and diagnosed with severe bi-polar disorder in 1989, and found incompetent to stand trial by a sanity board in January, 1999.  He was treated with medication and found competent to stand trial by another sanity board before his court-martial commenced.  He also alleges his "defense team" failed or refused to adequately scrutinize the evidence presented by the victims.

Respondents filed a reply to petitioner's supplement (Doc. 8) asserting military remedies have not been exhausted on the new claims raised therein.  They allege that the only claims Pericas has presented to the military courts are the factual and legal sufficiency of the evidence.  Respondent correctly points out that petitioner failed to comply with this court's prior order which directed him to include a statement of exhaustion of military remedies with his supplement.  The record supports respondent's allegations that the additional claims raised by petitioner in his supplement were not presented to the military

8

courts on appeal.  Petitioner alleges in his Petition that he has not filed any "other" actions in the military courts.  Petitioner thus does not refute respondent's allegation that military remedies have not been exhausted on his supplemental claims.  The court concludes petitioner's supplemental claims must be dismissed, without prejudice, on account of petitioner's failure to exhaust.

For all the foregoing reasons, the court finds petitioner is entitled to no relief.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's motion to amend to name new respondent and to transfer this action (Doc. 10) is denied.

IT IS FURTHER ORDERED that this action is dismissed and all relief denied.

DATED:  This 9th day of June, 2005, at Topeka, Kansas.

s/RICHARD D. ROGERS<br>United States District Judge